IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION.

FILED
2018 NOV -8 P 2: 46
US DISTRICT COURT
BRIDGEPORT CT

SYLVIA EMIABATA       *
    Plaintiff,       *   Case No:
                        *   3:18cv1817 (VAB)
-vs-       *
                        *
FARMERS INSURANCE -       *
  CORPORATION INS. CO. AND       *
FARMERS TEXAS COUNTY       *
MUTUAL INSURANCE COMPANY       *
    Defendants       *
*********************************************

# COMPLAINT

COMES NOW the plaintiff, SYLVIA EMIABATA alleges as follows:

## I. PARTIES:

I. 1. Plaintiff is a citizen and resident of Bridgeport Connecticut.

I. 2. Defendants are insurance companies organized which is a corporation of the State(s) California and Texas and existing pursuant to the laws of the State(s) of California and Texas, of the United States.

1

I. 3. Defendant(s) also has its Principal Place of business is in Los Angles California and Defendant(s) Farmers Texas County Mutual Insurance Co. Principal Place of business in all over the State of Texas.

I. 4. Defendant(s) FARMERS INSURANCE engaged in providing lot of insurance business in the State and locality of Connecticut; Actively engaging in transaction for the purpose of financial or pecuniary gain of profit in the State of Connecticut.

## II. JURISDICTION AND VENUE

**II. 1.** There are Complete Diversity of Citizenship between the Plaintiff and any of the Defendants. Also, the complaint is brought pursuant 28 U.S.C. section 1332 (c) Diversity of Citizenship;

**II. 2.** 28 U.S.C. Section 1332 (b) the amount in controversy Plaintiff certify the Jurisdiction Amount Required Pursuant to 28 U.S.C. Section 1332(b) that is amount sought exceeds the sum of seventy-five thousand dollars ($75,000) ;

**II.3.** 28 U.S.C. Section 1367(d) states "The period of Limitation…shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period". The action/claim was Dismissed without Prejudice for lack of personal jurisdiction in the United States District Court for The District of Oklahoma. Case number, civ.-18-0021-F ., Document 35 Filed 08/15/18 Page 2 of 2. Order Dismiss Plaintiff's action without prejudice, "leaving plaintiff free to re-file this action in a court with subject matter jurisdiction and proper venue". Also on October 12, 2018 Order Affirming, Adopting and Ratifying Recommended Ruling: denying plaintiff (here)motion for Leave to Proceed in forma pauperis  CASE # 3:18-cv-01520-JCH.

II.4. Another ground of Jurisdiction is pursuant to 28 U.S.C. Section 1332. Supp.p.342., Corporate Citizenship for Diversity Purposes: Special Rule for Insurance Companies in direct action as in here, Citizenship i.e. Subject Matter Jurisdiction ,(Section 1332), Supp.p.342 in direct action against insurance Company as in here the Insurer shall be a Citizenship of the Insure, here plaintiff is a Citizen of the State of Connecticut.

## III. FACTS and BACKGROUND

III. 1. In this matter, plaintiff had an accident revolves on a claim or complaint that happened in the State of Tennessee around IH 40 in Dickson, TN. Also, this concerns Policy #0045033381 with claim number : 3005591501-1-2 with Farmers Insurance regard accident of February 23, 2016.

III. 2. On or about February 23, 2016, Plaintiff was **travelling** on IH 40 in Dickson, TN. When Plaintiff was "Near Miss" with another driver forces plaintiff car off the road., by a semi-tractor; which caused plaintiff to lose control. And the next thing we found ourselves in a ditch with also prevailing increment weather. Plaintiff with the help of a good Samaritan , successfully called 911 where an ambulance took us to a hospital. At the hospital, the police met plaintiff and took plaintiff statement including the third party who is a passenger. And this was subsequently reported to defendants-Farmers Insurance Company.

III. 3. All effort to get defendants to settle a rightful claim fell in a deaf ear. Thus, defendants violated the covenant of good-faith dealing, breached the insurance standard contract, failed to properly investigate the accident (inadequate investigation); undue delay, refused to defend and refused to make a

reasonable settlement offer. And making unreasonable interpretation of plaintiff stated insurance policy.

## IV. GENERAL ALLEGATIONS

IV. The general allegations/factual allegations as see in the foregoing, Plaintiff, SYLVIA EMIABATA has endured significant mental and emotional distress and trauma because of these actions of the Defendants: (a) That Defendants refused to settle a rightful claim; (b) Defendants refused to defend Plaintiff ; (c) Plaintiff and Defendants enter into contract and at the time of this said accident plaintiff was insured by Defendants; (d) Bad-Faith Dealings; (e) Tort of Negligence; (f) Economic Loss and (g) Breach of Standard Contract.

## V. CAUSES OF ACTION

**COUNT 1.   BAD-FAITH DEALING :** by Defendants failure to exercise due care to investigate accident and failure to defend Plaintiff pursuant to the contract agreement entered by both parties, Contract/Policy number : 0045033381 with its claim number : 3005591501-1-2 with Defendants Farmers Insurance regards accident of February 23, 2016. Contract effective date 2/19/2016 based on Auto Insurance. Plaintiff SYLVIA EMIABATA realleges and reincorporates each and every allegation in I to V. As if fully set forth herein.

**COUNT 2.   NEGLIGENCE:** On or about February 19, 2016 Emiabata enter a contract with the Defendants to insure its vehicle. With one of its Agent/Agency, operated and/or maintained by Defendant(s) Farmer Insurance. Plaintiff Mrs. Emiabata was injured due to dangerous action or conduct of the Defendants as see in foregoing complaint.

4

**(a)** Defendants requested, allowed, permitted and encouraged Plaintiff to enter onto the contract with Defendants. Consequently, Plaintiff was an invitee whom Defendants owed a duty to use ordinary care, Including the duty to inspect, Protect and guard Plaintiff from unreasonably dangerous conditions and conduct existing on its premises or to warn Plaintiff against the Conduct of its Agent or Employees of their existence.

**(b)** Plaintiff was exercising ordinary care when suddenly Defendants refused to settle a Rightful Claim, et al, because of the aforesaid dangerous conduct, your Plaintiff Sustained injuries.

**(c)** Your Plaintiff would show the defendants owned a duty of care to the Plaintiff by Plaintiff Insurance Account Opened with the Defendants.

**(d)** Plaintiff suffered injury and damages as a direct and proximate result of the unreasonably dangerous conduct of the Defendants supra.

**(e)** Plaintiff Sylvia Emiabata realleges and reincorporates each allegation in complaint I to V. Which is hereby incorporated with reference as if fully set forth herein.

**(f)** At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their capacities and scopes of employment for the Defendant.

**COUNT 3. BREACH OF CONTRACT:** Defendants are liable to Plaintiff for breaching express and implied that they made regarding Plaintiff Auto insurance policy. Plaintiff SYLVIA EMIABATA realleges and reincorporates each and every allegation

in 1 to V. As if fully set forth herein. At all relevant time to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their capacities and scopes of employment for the Defendant(s)

## COUNT 4. VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY.

(a) Plaintiff SYLVIA EMIABATA realleges and reincorporates each allegation in its complaint I to IIV. Which is hereby incorporated with reference as if fully set forth herein

(b) At all relevant times to this complaint, the directors, officers, operators, administrators, employees, agents and staff action within their capacities and scopes of employment for the Defendant.

## COUNT 5. UNJUST ENRICHMENT.
Defendants refused to settle a rightful claim as in here amount to scienter hence the Defendants wrongly keep the settlement amount as in here Defendant Unjust Enriched themselves.

(a) Plaintiff here realleges and reincorporates each allegation above as if fully set forth herein, Complaint I to V. Which is hereby incorporated with reference as if fully set forth herein

(b) At all relevant times to this complaint, the directors, officers, operators, administrators, employees, agents and

staff action within their capacities and scopes of employment for Defendant (s).

(c) The acts and/or omissions set forth above in this Complaint would constitute a claim under the FED. R. CIV. P. and law of state

## VI. DAMAGES/ RELIEF

(a) SYLVIA EMIABATA, Plaintiff filled this complaint or petition due to Defendant engaged in bad-faith, Unfair/Denial of insurance claims, negligence, failure to pay settlements plaintiff deserves, Unreasonable Delay, Wrongful Interpretations of the Insurance Policy, et al.

(c) Plaintiff grounds for the complaint against defendant are also under Body Injury and property damages, Uninsured/Underinsured Motorist Claims, Uninsured Motorist damages.

(d) Plaintiff severally demanded since 2016 for defendants to pay on the above claim. Defendant till date refused or failed to pay on this claim.

(e) Defendants wrongly interpreting plaintiff insurance policy to favor them that has upper hand

(f) Plaintiff seeks against defendants, that plaintiff is herein seeking (1) Uncompensated Economic Damages : Medical expenses, lost of wages, et al; (2) Non-economic Damages : Pain, Suffering, Anxiety, et al. Hence Plaintiff is seeking claims based on its Auto liability and Physical damage, Body injury and Property damage, Uninsured/Underinsured Motorist claims, Uninsured Motorist damages claims on defendant-Farmers Insurance for the sum of $340,000 (Three hundred and forty

thousand dollars) This is also because plaintiff sustained permanent body injury .

(g)   Plaintiff respectfully requests that this court interpreting plaintiff insurance policy pursuant to Plaintiff Auto Liability and Physical damages, Body injury and Property damages, Uninsured/Underinsurance Motorist claims, Uninsured Motorist damages, et al. If applicable and depending on the standard of review, and Declare, Pursuant to Plaintiff insurance Policy . That Plaintiff is entitled to the benefits which plaintiff seeks under the TERMS OF THE PLAN. In the event that the court reviews/interpreting plaintiff insurance policy. Or other relevant information and determines that Defendants violated the duty of good-faith dealing or the Defendant decision is not supported by the interpretation record.

## VII PRAYER FOR RELIEF.

The court should award plaintiff any part of the relief requested, Plaintiff additionally prays that the court award such other and further relief to which plaintiff may just be entitled.

**WHEREFORE,** Plaintiff, SYLVIA EMIABATA, does hereby pray that judgment be entered in his favor and against the Defendants as follow:

1.   Award the sum of $340,000. Against Defendant.

2.   The court also to grant applicable interest and cost.

3. And such other and further relief to which plaintiff may just be entitled .

November 6, 2018

Respectfully Submitted. *[signature]*

Sylvia Emiabata Tel.(512) 791-2395

Address : 857 POST RD. # 139 FAIRFIELD, CT. 06824'