UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SYLVIA EMIABATA,
    *Plaintiff*,

v.

FARMERS INS. CORP. INS. CO. and
FARMERS TEXAS CTY. MUT. INS. CO.
    *Defendants.*

No. 3:18-cv-01817 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

On February 23, 2016, Sylvia Emiabata ("Plaintiff") allegedly became involved in a car accident in Dickson, Tennessee. Compl. ECF No. 1, at 3. That accident allegedly resulted in a claim with Farmers Insurance Corporation Insurance Company or Farmers Texas County Mutual Insurance Company ("Defendants"). Compl. at 1, 4.

On November 8, 2018, Ms. Emiabata filed this action, alleging state law claims of bad-faith dealing, negligence, breach of contract, vicarious liability, and unjust enrichment. Compl. at 4–6. Ms. Emiabata claims that she is a resident of Connecticut, that Defendants are citizens of California and Texas, and that this Court has jurisdiction under 28 U.S.C. § 1332. Compl. at 1–2.

On January 30, 2019, Defendants moved to dismiss the case for lack of subject matter jurisdiction, insufficient process, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper venue. Mot. to Dismiss, ECF No. 12.

On April 15, 2019, Ms. Emiabata moved to amend her Complaint. ECF No. 27.

For the reasons below, Defendants' motion to dismiss is **GRANTED**, ECF No. 12, and Plaintiff's motion to amend is **DENIED**, ECF No. 27.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

On or about February 23, 2016, while traveling on Interstate Highway 40 in Dickson, Tennessee, another driver allegedly almost hit Ms. Emiabata. Compl. at 3. She allegedly lost control of her vehicle and drove into a ditch. *Id*. Ms. Emiabata allegedly had to go the hospital, and, once there, gave a statement to the police. *Id*. She also allegedly reported the incident to her insurer, Farmers Insurance. Compl. at 3; *see also* Farmers Ins., "Auto Ins. Renewal Offer" (Feb. 19–Aug. 19, 2016 Policy Period) ("Ins. Policy"), Def. Ex. A, ECF No. 12 at 22. Ms. Emiabata alleges that Farmers Insurance "failed to properly investigate the accident . . . undu[ly] delay[ed], refused to defend and refused to make a reasonable settlement offer." Compl. at 3–4.

### B. Procedural History

On November 8, 2018, Ms. Emiabata filed her Complaint against Farmers Insurance Corporation Insurance Company and Farmers Texas Country Mutual Insurance Company. Compl, ECF No. 1.

On January 30, 2019, Defendants moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5), 12(b)(6), and 28 U.S.C. § 1406. Mot. to Dismiss, ECF No. 12; FED. R. CIV. P. 12(b)(1), (b)(2), (b)(3), (b)(5), (b)(6); 28 U.S.C. § 1406; *see also* Suppl. to Mot. to Dismiss, ECF No. 14. In support of its motion, Defendant filed the relevant insurance policy and numerous documents related to the state citizenship of Ms. Emiabata and Defendants, including filings from an allegedly similar action in the United States District Court for the Western District of Oklahoma in early 2018, ECF No. 12 at 58–146.

On April 15, 2019, Ms. Emiabata opposed Defendants' motion to dismiss. Pl. Mem. in Opp. to Defs. Mot. to Dismiss ("Pl. Opp."), ECF No. 26. Ms. Emiabata also moved to amend her

Complaint. Pl. Mot. to Amend Compl., ECF No. 27; FED. R. CIV. P. 15.

On April 29, 2019, Defendants responded to Ms. Emiabata's objection, Defs.' Reply to Pl.'s Obj. to Mot. to Dismiss, ECF No. 28, and objected to Ms. Emiabata's motion to amend the Complaint, Defs.' Obj. to Pl.'s Mot. to Amend Compl., ECF No. 29.

On July 23, 2019, the Court convened a hearing on the pending motions. Min. Entry., ECF No. 34.

Following the hearing, the Court granted Plaintiff leave to submit additional evidence regarding her residency in the State of Connecticut. Order, ECF No. 35. On August 5, 2019, Plaintiff submitted additional evidence regarding her residency. Pl. Mot. in Resp. to Submit Additional Ev. Pursuant to the Court Grants Pl. Leave, ECF No. 36.

## II.  STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at

679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

*Pro se* complaints are "construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) ("Although we liberally construe Teichmann's pro se amended complaint, we still require that he plead facts sufficient to state a claim to relief that is plausible on its face.") (citing *Triestman*, 470 F.3d at 474, and quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) ("Because Fowlkes appeared pro se before the District Court, he is 'entitled to special solicitude'. . . . At the same time, a pro se complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'") (quoting *Triestman*, 470 F.3d at 477; *Twombly*, 550 U.S. at 570).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true."), cert. denied, 537 U.S. 1089 (2002).

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the

4

complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). "Congress has granted district courts original jurisdiction over . . . certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met." *Perdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

A person's citizenship for purposes of diversity is based upon his or her domicile, "the place where a person has 'his [or her] true fixed home and principal establishment, and to which, whenever he is absent, he [or she] has the intention of returning.'" *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998). Domicile is determined as of the date the complaint is filed. *Id*. (citing *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir.2001); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) ("A post-filing change in citizenship cannot cure a lack of diversity at the time

of filing.").

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he Supreme Court has held that a company's principal place of business can be only a 'single' state." *Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir.), cert. denied, 139 S. Ct. 343, 202 L. Ed. 2d 225 (2018) (quoting *Hertz Corp.*, 559 U.S. at 93). The "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities . . . . typically . . . a corporation's headquarters." *Hertz Corp.*, 559 U.S. 77, 80–81.

Defendants argue that Ms. Emiabata and Farmers Texas County Mutual Insurance Company are Texas residents, and that the Court lacks subject matter jurisdiction over this action. Def. Mem. of Law in Supp. of Mot. to Dismiss ("Def. Mem."), ECF No. 12 at 4–20; Fed. R. Civ. P. 12(b)(1); 28 U.S.C. § 1332.

Ms. Emiabata argues that the Court has jurisdiction because she is a Connecticut resident and Defendants are citizens of California and Texas. Compl. at 1–2; *see also* Pl. Mem. of Law, in Opp. to Defs. Mot. to Dismiss, ECF No. 26 at 7–8.

In January 2018, Ms. Emiabata filed a similar complaint in the Western District of Oklahoma alleging that she was a citizen of Pflugerville, Texas. *Emiabata v. Farmers Ins. and Farmers Texas Cty. Mut. Ins. Corp.*, Summons., ECF No. 12 at 88; *see also* Am. Compl., ECF No. 12 at 89.

On November 8, 2018, Ms. Emiabata filed this action and asserted that she was a resident of Connecticut. Compl. at 8 (listing 857 Post Road #139, Fairfield, Connecticut as her address).

On December 7, 2018, Ms. Emiabata allegedly mailed documents to Defendants from the

6

Pflugerville, Texas post office. Envelope Addressed to Manager: Farmers Texas Cty. Ins. Mut. from Sylvia Emiabata (Postal stamp date Dec. 7, 2018), ECF No. 12 at 176 (listing the return address as 857 Post Road #139, Fairfield, Connecticut).

On January 30, 2019, Defendants submitted a copy of a United Parcel Service of America, Inc. ("UPS") website allegedly showing that the property at 857 Post Road—Ms. Emiabata's purported Connecticut address—is a UPS store. UPS, "Fairfield: The UPS Store" (Jan. 30, 2019), ECF No. 12 at 177.

On April 12, 2019, Ms. Emiabata mailed her opposition to the motion to dismiss to this Court from a Pflugerville, Texas post office. Envelope Addressed to Clerk: United States District Court from Sylvia Emiabata (Postal stamp date April 12, 2019), ECF No. 26 at 16 (listing the return address as 857 Post Road #139, Fairfield, Connecticut).

On August 5, 2019, Ms. Emiabata submitted three documents to the Court: an unwitnessed month-to-month rental agreement signed on February 12, 2019 for a rental term beginning August 1;[1] a July 30, 2019 copy of a Verizon website listing Ms. Emiabata's account information and a home address of 570 May St, Naugatuck, CT, USA, 06770; and a one-page, unwitnessed and unsigned "Memorandum of Insurance" document listing a policy effective date of June 23, 2019 for an automobile located at 570 May St, Naugatuck, CT 06770-3342, Pl. Mot. in Resp. to Submit Additional Ev. Pursuant to the Court Grants Pl. Leave.

Until recently, Ms. Emiabata's only connection to Connecticut appeared to be a letter box at the UPS store in Fairfield. Compl. at 8 (listing 857 Post Road #139, Fairfield, Connecticut as her address). That box would not, on its own, demonstrate "the place where [she had her] true fixed home and principal establishment, and to which, whenever [s]he is absent, [s]he has the

---

[1] The contract's term of tenancy does not list a year. Given that the contract appears to have been signed in 2019, the likeliest start of the term is August of 2019.

7

intention of returning.'" *Ceglia*, 772 F. Supp. 2d at 455.

Ms. Emiabata's recent filings, even if admissible to prove residency,[2] do not demonstrate a Connecticut domicile on November 8, 2018, when Ms. Emiabata filed her Complaint. *Ceglia*, 772 F. Supp. 2d at 455 (explaining that domicile is determined as of the date the complaint is filed.).[3] Even if Ms. Emiabata has now moved from Texas to Connecticut, that move "cannot cure a lack of [complete] diversity at the time of filing." *Grupo Dataflux*, 541 U.S. 567; *see also* Compl. at 2 (asserting that Defendants are citizens of California and Texas). Because Ms. Emiabata has not demonstrated diversity of citizenship at the time of the filing of her Complaint, the Court lacks subject matter jurisdiction and "must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.[4]

---

[2] The Court notes that Ms. Emiabata's unwitnessed and unsigned filings raise "facial issues of authenticity." *See Compania del Bajo Caroni (Caromin) v. Bolivarian Republic of Venezuela*, 556 F. Supp. 2d 272, 284 (S.D.N.Y. 2008), *aff'd sub nom. Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x 722 (2d Cir. 2009) ("First, it appears that plaintiffs have introduced two versions of the Addendum that differ with respect to whether Fernandez's signature is affixed to the left margin of the third page . . . . Second, the duplicate Addendum produced to the defendants' experts for inspection was a color copy. This is remarkable because, according to the unrebutted affidavit testimony of Zerpa's secretary and other administrative assistants employed by the Bureau of Mining Concessions and the Division of Mining Applications in December, 2003, there were no color photocopiers in the building at the time . . . . For the foregoing reasons, defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is GRANTED."); *Cf. Filloramo v. NewAlliance Investments, Inc.*, No. CIV.3:06-CV-01825 (AVC), 2007 WL 1206736, at *2 (D. Conn. Apr. 23, 2007) ("While the exhibits initially may have been inadmissible because they were unauthenticated, Hajus's affidavit has remedied this defect."). Additionally, these three documents likely fall short of demonstrating that Ms. Emiabata is domiciled—as opposed to merely residing—in Connecticut. *Vanderhorst v. Heitner*, No. 14-CV-4268 SLT VVP, 2015 WL 4162732, at *3 (E.D.N.Y. July 9, 2015) ("In this case, Defendant has not met her burden of establishing a basis for subject matter jurisdiction. Notably, Defendant's Affidavit states only that she resides in an apartment in Lodi, New Jersey, not that she is a citizen of New Jersey. While Defendant has provided evidence that she signed a lease on the New Jersey apartment on July 31, 2013, the very day of the accident at issue, and that she obtained a New Jersey driver's license on October 22, 2013, this evidence alone does not establish domicile . . . . Considering the totality of the circumstances, the Court finds the evidence adduced by Defendant insufficient to establish that Plaintiff was a citizen of the State of New Jersey when Plaintiff commenced this action and when she removed this action to this Court.").

[3] Evidence in the record suggests that Ms. Emiabata was a Texas resident until at least spring of 2019. *See, e.g.*, Envelope Addressed to Clerk: United States District Court from Sylvia Emiabata (Postal stamp date April 12, 2019), ECF No. 26 at 16 (envelope image for a document mailed to this Court from a Pflugerville, Texas post office).

[4] *See also Emiabata v. Farmers Ins. and Farmers Texas Cty. Mut. Ins. Corp.*, Order at 7–8, ECF No. 12 at 45–46 ("To summarize the court's findings . . . at all times material hereto, FTCMIC has been a citizen of Texas; and Sylvia Emiabata was a citizen of Texas at the time she filed the original complaint. Based on these findings, the

In any event, as discussed below, even if Ms. Embaiata had been a Connecticut citizen at the time of filing, her Complaint should be dismissed for insufficient service of process and lack of personal jurisdiction over the Defendants.

**B.      Service of Process**

"On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). The Second Circuit reviews a district court's dismissal for failure to serve process for abuse of discretion. *Id*. (citing *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir.2007).

Under Rule 4(h) a plaintiff may serve a domestic corporation as dictated by state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1)(A–B).

Under Connecticut law, the state Insurance Commissioner "is the agent for receipt of service of legal process on . . . (f)oreign and alien insurance companies authorized to do business in [the] state in any proceeding arising from or related to any transaction having a connection with this state." Conn. Gen. Stat. § 38a-25(a)(1).

Defendants argue that the Court should dismiss the Complaint under Rule 12(b)(5) for insufficient service of process. Def. Mem. at 1; FED. R. CIV. P. 12(b)(5).

Ms. Emiabata argues that she mailed the summons and Complaint "directly to defendants['] known address in Texas[,] and to their California HQ." Pl. Opp. at 11. She does

---

court concludes that complete diversity does not exist . . . . After careful consideration, FTCMIC's motion to dismiss is GRANTED.")

9

not, however, allege that she met the requirement of Rule 4(h)(1)(A) by serving legal process for these out-of-state insurance companies on Connecticut's Insurance Commissioner. FED. R. CIV. P. 4(h)(1)(A); Conn. Gen. Stat. § 38a-25(a)(1). Nor does she allege that she satisfied Rule 4(h)(1)(B) by serving documents on an "agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

As a result, Ms. Emiabata has not met her burden to establish that service was sufficient. *Khan*, 360 F. App'x at 203 (explaining that the Second Circuit reviews a district court's dismissal for failure to serve process for abuse of discretion.).

### C. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). Where parties have not engaged in discovery on the jurisdictional question, the plaintiff need only make a *prima facie* showing that jurisdiction exists. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) ("Where a 'court [has chosen] not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials.'") (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

"[A] court may exercise two types of personal jurisdiction over a corporate defendant properly served with process. These are specific (also called 'case-lined') jurisdiction and general (or 'all-purpose) jurisdiction . . . . General jurisdiction . . . permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff."

*Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016); *see also Daimler AG v. Bauman*, 571 U.S. 117, 132–39 (2014) ("[G]eneral jurisdiction has come to occupy a less dominant place in the contemporary scheme. *Goodyear* made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there . . . . Accordingly, the inquiry under Goodyear . . . is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.' Here, neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there. If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable . . . . It was therefore error for the Ninth Circuit to conclude that Daimler, even with MBUSA's contacts attributed to it, was at home in California, and hence subject to suit there on claims by foreign plaintiffs having nothing to do with anything that occurred or had its principal impact in California.") (internal quotations and citations omitted)); *In re Aggrenox Antitrust Litig.*, 94 F. Supp. 3d 224, 256 (D. Conn. 2015) ("Being 'essentially at home' in a place is a very high bar, almost never found for corporations where they are neither incorporated nor headquartered.").

"Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). "Whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (internal citations and quotation marks omitted)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.

Defendants argue that the Court should dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction over Defendants. Def. Mem. at 12; FED. R. CIV. P. 12(b)(2).

Ms. Emiabata argues that Defendants are subject to personal jurisdiction because they "transact[] business through [their] subsidiaries in the state of Connecticut[.]" Pl. Mem. at 5.

The Court disagrees.

Had Ms. Emiabata properly served Defendants, which she has not, the Court likely would not have personal jurisdiction over them. Ms. Emiabata alleges that the Defendants have their principal places of business in California and Texas. Compl. at 2. She does not allege, however, that they have headquarters in or are incorporated in Connecticut, nor that they "continuously and systematically" operate from a Connecticut command center. *Daimler AG*, 571 U.S. at 132–39 (Accordingly, the inquiry under Goodyear . . . is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'"); *In re Aggrenox Antitrust Litig.*, 94 F. Supp. 3d at 256 ("Being 'essentially at home' in a place is a very high bar, almost never found for corporations where they are neither incorporated nor headquartered."). As a result, Ms. Emiabata seems to invoke the Court's specific jurisdiction over Defendants, but she cannot.

Ms. Emiabata's alleged accident occurred in Tennessee, Compl. at 3, while she was residing and insured in Texas. *See* Ins. Policy (Listing Ms. Emiabata's insurance agent as Tom Whorton of Austin, Texas and Ms. Emiabata's city as Pflugerville, Texas). Thus, none of the issues in this litigation relate directly to Connecticut. *Walden*, 571 U.S. at 283–84 ("Whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation.").

Rather, Ms. Emiabata asserts that Defendants "transact[] business through [their] subsidiaries in the state of Connecticut[.]" Pl. Mem. at 5. But Ms. Emiabata does not name those subsidiaries. Further, Defendants plausibly argue that Farmers Insurance Corporation Insurance Company is a non-existent entity, Def. Mem. at 16–18, and that Farmers Texas County Mutual Insurance Company transacts business in the state of Texas, where it issued Ms. Emiabata's policy. *Id.* at 16; Ins. Policy at 1; Texas Dept. of Ins., "Farmers Texas Cty. Mut. Ins. Co." (Jan. 30, 2019), Def. Ex. B, ECF No. 12 at 55.

As a result, Ms. Emiabata's unsupported assertions regarding the Connecticut business transactions of Defendants' alleged subsidiaries provide an insufficient basis for specific jurisdiction over Defendants. *Walden*, 571 U.S. at 284 ("the defendant's suit-related conduct must create a substantial connection with the forum State.").[5]

### D. Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that a party may either amend once as a matter of course within 21 days of service or the earlier of 21 days after service of a required responsive pleading or motion under Rule 12 (b), (e) or (f). FED. R. CIV. P. 15(a)(1). Once that time has elapsed, a party may move for leave to file an amended complaint. FED. R. CIV. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id*.

Leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment would be "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (internal citations omitted). Other grounds include "undue delay, bad faith or dilatory motive on

---

[5] Having ruled for Defendants on the issues of subject matter jurisdiction, service of process, and personal jurisdiction, the Court declines to rule on Defendants' remaining arguments regarding the legal name or existence of the first Defendant and proper venue for this action. Def. Mem. at 16–19.

13

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment [.] *Stiller v. Colangelo*, 221 F.R.D. 316, 317 (D. Conn. 2004) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As noted above, Ms. Emiabata has insufficiently pled subject matter jurisdiction, service of process, and personal jurisdiction. Even if Ms. Emiabata could serve an Amended Complaint properly and could prove residency in Connecticut, there is no reason to believe that this Court would have personal jurisdiction over the Defendants. *See* Compl. at 1–2 (Asserting that Defendants are citizens of California and Texas); Pl. Mem. at 5 (containing the bare allegation that Defendants "transact[] business through [their] subsidiaries in the state of Connecticut"); Def. Mem. at 16–18 (plausibly alleging that Farmers Insurance Corporation Insurance Company is a non-existent entity): *id*. at 16 (plausibly alleging that Farmers Texas County Mutual Insurance Company transacts business in the state of Texas not in Connecticut). As a result, the Court denies Ms. Emiabata's motion to amend, ECF No. 27, on the grounds that amendment would be futile. *Lucente*, 310 F.3d at 258 (Explaining that leave to amend may be denied when amendment would be "futile" and "could not withstand a motion to dismiss[.]").

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED**, ECF No. 12, and Plaintiff's motion to amend is **DENIED**, ECF No. 27.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of August, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE